# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

CHRISTINA DUNNING,

    PLAINTIFF,

V.                                                    CIVIL ACTION NO.

KAMTEK, INC.,
& PERSONNEL STAFFING, INC.,

    DEFENDANTS.                         JURY TRIAL DEMANDED

## COMPLAINT

**I. JURISDICTION**

1. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343(4), 28 U.S.C. §§ 2201 and 2202, 42 U.S.C. § 2000e *et seq*. This suit is authorized and instituted pursuant to Title VII of the Act of Congress known as the "Civil Rights Act of 1964," as amended, the "Civil Rights Act of 1991;" 42 U.S.C. § 2000e, *et seq.* (Title VII). The jurisdiction of this Court is invoked to secure protection of and to redress deprivation of rights secured by Title VII providing for injunctive and other relief against race discrimination.

2. Plaintiff timely filed her charges of discrimination with the Equal Employment Opportunity Commission (EEOC) within 180 days of the last

discriminatory act (Exhibit A). Plaintiff further filed this lawsuit within ninety (90) days after receipt of the right-to-sue letters issued by the EEOC (Exhibit B).

**II.   PARTIES**

3.   Plaintiff, CHRISTINA DUNNING, (hereinafter "Plaintiff") is a citizen of the United States, and a resident of Bessemer, Jefferson County, Alabama. Plaintiff was formerly employed by Defendant.

4.   Defendant, KAMTEK, INC., (hereinafter "Defendant" or "Kamtek") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

5.   Defendant, PERSONNEL STAFFING, INC. (hereinafter "Defendant" or "PSI") is registered and doing business in the State of Alabama and is an entity subject to suit under Title VII. Defendant employs at least fifteen (15) persons.

**III.   STATEMENT OF THE FACTS**

6.   Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 5 above.

7.   Plaintiff is an African American female.

8.   Defendants hired Plaintiff on or about March 2016.

9.   Defendants employed Plaintiff at its store location on 1595 Sterilite Drive, Birmingham, Alabama.

10.   Defendants employed Plaintiff in the position of "press."

11. At all times while employed with Defendants, Plaintiff performed her job duties in a competent or better manner.

12. Defendant terminated Plaintiff on August 3, 2016.

13. Shortly after Defendant terminated Plaintiff's employment, Defendant placed Cortourious Terrell, an African-American male in Plaintiff's former position.

### IV. COUNT ONE – Title VII – GENDER - Termination.

14. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 13 above.

15. Plaintiff is an African American female.

16. Defendants hired Plaintiff on or about March 2016.

17. Defendants employed Plaintiff in the position of "press."

18. At all times while employed with Defendants, Plaintiff performed her job duties in a competent or better manner.

19. Defendant terminated Plaintiff on August 3, 2016.

20. Shortly after Defendant terminated Plaintiff's employment, Defendant placed Cortourious Terrell, an African-American male in Plaintiff's former position.

21. On August 3, 2016, Plaintiff drove to work and arrived at the security gate.

22. Plaintiff attempted to use her badge to enter through the car gate, but the gate did not open.

23. The security guard instructed Plaintiff to park her car next to the security station.

24. Plaintiff made a telephone call to Defendant PSI's onsite supervisor, Antionette (LNU).

25. Antionette (LNU) directed Plaintiff to call the PSI office and speak with Ms. LeeAnn (LNU).

26. Ms. LeeAnn (LNU) was unavailable, so Plaintiff called Antionette (LNU) back.

27. Antionette (LNU) then passed the phone to a man who Plaintiff did not know and he said, "Your assignment did end."

28. Plaintiff asked the man why and he told me to contact LeeAnn (LNU) at Defendant PSI's office.

29. Defendants jointly and separately never gave Plaintiff a reason for her termination.

30. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and mental anguish.

V. **COUNT TWO – Title VII – GENDER – Sexually Hostile Work Environment.**

31. Plaintiff hereby incorporates by reference each of the allegations

4

contained in paragraphs 1 through 30 above.

32. During Plaintiff's employment, Defendant Kamtek's janitor by the name of Jose (LNU) sexually harassed the Plaintiff.

33. Jose (LNU) is a Hispanic male.

34. In June 2016, Jose walked in on Plaintiff while she was using the bathroom. Instead of leaving as Plaintiff asked him to do, Jose proceeded to the restroom and commenced his job duties.

35. Plaintiff immediately reported this invasion of privacy to her supervisor, Seth Donaldson and her team leader, Jason Steele.

36. Shortly thereafter, in July 2016, Jose walked in on Plaintiff in a different bathroom in Defendant's facility.

37. After the first act of harassment, Plaintiff felt that she needed to use a restroom in a different part of the facility that was substantially further away from where she worked so that she could avoid Jose (LNU).

38. During this second sexually harassing encounter, Jose (LNU) said, "Let me at that."

39. Plaintiff was in the restroom stall when he entered the restroom and made this sexually harassing comment.

40. Plaintiff told Jose (LNU) to leave the bathroom.

41. Plaintiff reported the comment to my supervisor, Donaldson.

42. After Plaintiff made the complaint to Donaldson, Plaintiff returned to the bathroom and discovered that Jose never made any effort to clean the facility whatsoever.

43. On August 2, 2016, Jose (LNU) walked into the bathroom for a third time as Plaintiff was washing her hands.

44. During this unwanted intrusion into the bathroom, Jose (LNU) brushed up against Plaintiff.

45. Plaintiff complained to her supervisor, Donaldson, in which she informed him that she was tired of the sexually harassing behavior and she was very worried about raising the issue because I was the only female on my shift working on the line.

46. On August 3, 2016, Plaintiff drove to work and arrived at the security gate.

47. Plaintiff attempted to use her badge to enter through the car gate, but the gate did not open.

48. The security guard instructed Plaintiff to park her car next to the security station.

49. Plaintiff made a telephone call to Defendant PSI's onsite supervisor, Antionette (LNU).

50. Antionette (LNU) directed Plaintiff to call the PSI office and speak

6

with Ms. LeeAnn (LNU).

51. Ms. LeeAnn (LNU) was unavailable, so Plaintiff called Antionette (LNU) back.

52. Antionette (LNU) then passed the phone to a man who Plaintiff did not know and he said, "Your assignment did end."

53. Plaintiff asked the man why and he told me to contact LeeAnn (LNU) at Defendant PSI's office.

54. Defendants jointly and separately never gave Plaintiff a reason for her termination.

55. Defendant's actions in failing to protect Plaintiff from a sexually hostile work environment created by Russell was a violation of Title VII.

56. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering mental anguish.

VI. COUNT THREE – Title VII – RETALIATION

57. Plaintiff hereby incorporates by reference each of the allegations contained in paragraphs 1 through 56 above.

58. In June 2016, Jose walked in on Plaintiff while she was using the bathroom. Instead of leaving as Plaintiff asked him to do, Jose proceeded to the restroom and commenced his job duties.

59. Plaintiff immediately reported this invasion of privacy to her

supervisor, Seth Donaldson and her team leader, Jason Steele.

60. Shortly thereafter, in July 2016, Jose walked in on Plaintiff in a different bathroom in Defendant's facility.

61. After the first act of harassment, Plaintiff felt that she needed to use a restroom in a different part of the facility that was substantially further away from where she worked so that she could avoid Jose (LNU).

62. During this second sexually harassing encounter, Jose (LNU) said, "Let me at that."

63. Plaintiff was in the restroom stall when he entered the restroom and made this sexually harassing comment.

64. Plaintiff told Jose (LNU) to leave the bathroom.

65. Plaintiff reported the comment to my supervisor, Donaldson.

66. After Plaintiff made the complaint to Donaldson, Plaintiff returned to the bathroom and discovered that Jose never made any effort to clean the facility whatsoever.

67. On August 2, 2016, Jose (LNU) walked into the bathroom for a third time as Plaintiff was washing her hands.

68. During this unwanted intrusion into the bathroom, Jose (LNU) brushed up against Plaintiff.

69. Plaintiff complained to her supervisor, Donaldson, in which she

8

informed him that she was tired of the sexually harassing behavior and she was very worried about raising the issue because I was the only female on my shift working on the line.

70. On August 3, 2016, Plaintiff drove to work and arrived at the security gate.

71. Plaintiff attempted to use her badge to enter through the car gate, but the gate did not open.

72. The security guard instructed Plaintiff to park her car next to the security station.

73. Plaintiff made a telephone call to Defendant PSI's onsite supervisor, Antionette (LNU).

74. Antionette (LNU) directed Plaintiff to call the PSI office and speak with Ms. LeeAnn (LNU).

75. Ms. LeeAnn (LNU) was unavailable, so Plaintiff called Antionette (LNU) back.

76. Antionette (LNU) then passed the phone to a man who Plaintiff did not know and he said, "Your assignment did end."

77. Plaintiff asked the man why and he told me to contact LeeAnn (LNU) at Defendant PSI's office.

78. Defendants jointly and separately never gave Plaintiff a reason for her

9

termination.

79. As a result of Defendant's violation of Title VII, Plaintiff has been damaged, suffering loss of pay and mental anguish.

## VII. PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that this Court assume jurisdiction of this action and after trial:

A. Issue a declaratory judgment that the employment policies, practices, procedures, conditions and customs of the Defendants violate the rights of the Plaintiff as secured by Title VII, and pendent state claims.

B. Grant Plaintiff a permanent injunction enjoining the Defendants, its agents, successors, employees, attorneys and those acting in concert with Defendant's request from continuing to violate Title VII.

C. Enter an Order requiring Defendant to make Plaintiff whole by awarding her front-pay, back pay (plus interest) compensatory damages, punitive damages, special damages, and/or nominal damages, injunctive and declaratory relief, and benefits.

D. Plaintiff further prays for such other relief and benefits as the cause of justice may require, including, but not limited to, an award of costs, attorneys' fees and expenses.

_____
ALLEN D. ARNOLD

_____
KIRA FONTENEAU

OF COUNSEL:

FONTENEAU & ARNOLD, LLC
2151 Highland Avenue South, Ste. 205
Birmingham, Alabama 35205
(205) 252-1550 – Office
(205) 502-4476 – Facsimile

**PLAINTIFF REQUESTS TRIAL BY STRUCK JURY**

_____
OF COUNSEL

DEFENDANTS' ADDRESSES:
Personnel Staffing, Inc
c/o Mike Purkey
611 Walnut Street
Gadsden, AL 35901

Kamtek, Inc.
c/o Corporation Service Co.
641 South Lawrence Street
Montgomery, AL 36104